**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Anthony Donnell Glover, | ) | |
| | ) | Civil Action No. 5:16-cv-00969-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court upon review of Magistrate Judge Paige J. Gossett's Report and Recommendation ("Report"), filed on June 15, 2016 (ECF No. 23), recommending that Plaintiff Anthony Donnell Glover's *pro se* Petition for Writ of Habeas Corpus be summarily dismissed for failure to state a proper basis upon which this court can grant relief. This review considers Petitioner's Objections to Report and Recommendation ("Objections"), filed June 30, 2016. (ECF No. 25).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.

Plaintiff, who is a state prisoner, has repeatedly and explicitly requested that his complaint be construed as a general civil complaint brought under 28 U.S.C. § 1331, which provides federal district courts with original jurisdiction over civil actions regarding federal questions, rather than as a Petition for a Writ of Habeas Corpus. (ECF Nos. 1, 14, & 25).

1

However, as the Magistrate Judge stated in her Report, the relief sought—the vacation of his sentence and release from custody—can only be granted by a federal court when brought as a Petition for a Writ of Habeas Corpus. (ECF No. 23 at 2 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (holding that a prisoner held in state custody who is challenging the "fact or duration of his confinement . . . must seek federal habeas corpus relief."))). Furthermore, upon review of Plaintiff's claim under 28 U.S.C. § 1331, the Magistrate Judge was correct in stating that the mere recitation of a statute, without citing any "specific legal cause of action," cannot form the basis of relief. (*Id*. at 3). As such, and notwithstanding Plaintiff's objections, this claim will be analyzed as a Petition for a Writ for Habeas Corpus.

In her Report, the Magistrate Judge recommended that Plaintiff's Writ be summarily dismissed because "Plaintiff's asserted basis for relief—that the state trial court lacked subject matter jurisdiction—is a matter of state law, and therefore, is not a proper ground for federal habeas corpus relief.[1]" (*Id*. at 4 (citing 28 U.S.C. § 2254(a))). In his Response to the Report, Plaintiff confirmed that he was indeed challenging the state court's subject matter jurisdiction. (ECF No. 25 at 1). Thus, Plaintiff in his Response only confirmed, rather than challenged, the Magistrate Judge's interpretation of the law.

Because Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life*

---

[1] Plaintiff's argument seems to be based on the "sovereign citizen" theory, whose adherents "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.") *Presley v. Prodan*, C/A No. 3:12-3511-CMC-JDA 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013), *adopted by* 2013 WL 1342539 (D.S.C. Apr. 2, 2013). Federal courts in multiple circuits have rejected such a theory. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), *cert. denied*, 132 U.S. 1051 (2012); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992).

*& Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law, and there is no clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23), and **DISMISSES** this Petition (ECF No. 1) without prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

May 8, 2017
Columbia, South Carolina